**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.                                                             **Criminal No. 3:17CR81**

**TYLER HALL,**
    **Defendant.**

**UNITED STATES' OBJECTION TO DEFENDANT TYLER HALL'S
MOTION TO SUPPRESS STATEMENT**

    The United States of America and William J. Powell, United States Attorney for the Northern District of West Virginia, by Paul T. Camilletti, Assistant United States Attorney for said District, files this objection to Defendant Tyler Hall's Motion to suppress statement.

    On August 8, 2017, ATF Task Force Special Agent Samson Adams, ATF Task Force Officer Sergeant Joe Cruzado, ATF Task Force Officer Detective Scott Martin and ATF Task Force Officer Kevin Tagnosky interviewed Tyler Hall at his home, 128 Plum Tree Lane, Ranson, WV. During the interview, which was recorded, Hall stated as follows:

    That he recalled receiving a telephone call from Mark Hanshaw concerning the purchase of a firearm from Adam Plauche. He advised that he rode with Mark Hanshaw to meet Adam Plauche. He described the firearm as a chrome revolver with a black handle. Tyler Hall acknowledged that he was using heroin at the time of this transaction. Tyler Hall recalled that a bill of sale was prepared at the time he received the revolver but this document has not been found. After receiving the firearm, Hall and Hanshaw took a ride to get heroin, which they brought back and gave to Adam Plauche in exchange for the firearm. Hall stated that he sold the firearm to A.J. Reed (Alton Reed).

1

The entire interview lasted approximately 17 minutes. It occurred on the front porch of the home at 128 Plum Tree Lane, Ranson, WV. At the conclusion of the interview, the agents left to go see Alton Reed. Tyler Hall remained at home.

Tyler Hall was not arrested nor otherwise placed in custody. He gave a voluntary statement. Miranda warnings were not given.

Alton Reed surrendered the firearm, a Taurus 38 Special, serial number FY58661.

## DISCUSSION

"Absent formal arrest, Miranda warnings only apply 'where there has been such a restriction on a person's freedom as to render him 'in custody' …An individual is in custody for Miranda purposes when, under the totality of the circumstances, a suspect's freedom of action is curtailed to a degree associated with formal arrest.'" *United States v. Parker* 262 F.3d 415, 419 (4th. Cir. 2001) (citations omitted).

In this circuit, an interview of a suspect which lasted approximately one hour at his mother's kitchen table was found to be non-custodial. *United States v. Braxton* 112 F.3d 771, 781 (4th. Cir. 1997). The Officer's comments that they "needed" to talk to Braxton; that he was not coming clean and could face five years imprisonment; and the officers' failure to detail for Braxton the offense being investigated did not render Braxton's confession involuntary. Id. 783 "The proper inquiry was whether the confession was 'extracted' by the threats or implied promises, "however slight."" Id. (citation omitted).

"For a threat or an implied promise to invalidate a Defendant's statement 'the pressure, in whatever form or however slight, must be sufficient to cause the Petitioner's will to be overborne

and his capacity for self-determination to be critically impaired.'" Id. (citation omitted). To make this determination "Courts must consider 'the totality of the circumstances, including the characteristics of the Defendant, the setting of the interview, and the details of the interrogation.'" Id. pg. 781. Braxton's interview was not coercive; the setting was non-custodial; Miranda warnings were not required. Id. pg. 786.

A 30 minute interview in the Defendant's bedroom which resulted in the Defendant signing a confession was not a circumstance where the Defendant was subject to custodial interrogation. *United States v. Parker* 262 F.3d 415, 419 (4th. Cir. 2001). "Parker was told she was not under arrest. She was not handcuffed or otherwise restrained, and the agents did not draw their weapons in her presence. She was also in her own home…she was never told she was not free to leave." Id.

In *United States v. Hargrove* 625 F.3d 170 (4th. Cir. 2010), at approximately 6:00 a.m., between 10 and 15 Law Enforcement Officer's entered Hargrove's home to execute a search warrant. Id. pg. 713. The officers, some of whom had their weapons drawn, cleared the residence and identified all people on scene. Hargrove was told he was not under arrest and was free to leave, however, he agreed to speak with the agents. The interview occurred at Hargrove's kitchen table. Hargrove was not in handcuffs. Hargrove did not ask for the interview to end nor did he protest any of the questions. Id. pg. 174. Relying on Parker, supra, the Court held that under "the totality of the circumstances…Hargrove was not subject to 'custodial interrogation' at the time of…the interview." Id. pg. 179

Similar to the circumstances in Braxton, Parker and Hargrove, Mr. Hall was interviewed in his home by several agents who did not arrest him, nor otherwise place him in custody. The

circumstances of the interview were not coercive, but rather, amicable, and Miranda warnings were not required. The Motion to Suppress should be denied.

        Respectfully submitted,

        WILLIAM J. POWELL
        UNITED STATES ATTORNEY

By:   /s/ Paul T. Camilletti
      Paul T. Camilletti
      Assistant United States Attorney
      217 W. King St., Suite 400
      Martinsburg, WV 25401
      (304) 262-0590

## CERTIFICATE OF SERVICE

I, Paul T. Camilletti, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on February 20, 2018, the foregoing *United States' Objection to Defendant Tyler Hall's Motion to Suppress Statement* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>  Robert E. Barrat
>  308 S. Queen St.
>  Martinsburg, WV 25401-3232

>                         WILLIAM J. POWELL
>                         UNITED STATES ATTORNEY


>  By:    /s/ Paul T. Camilletti
>                         Paul T. Camilletti
>                         Assistant United States Attorney